UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 25-50051 |
| | ) | Chapter 7 |
| EDWARD CLARK AINSWORTH | ) | |
| SSN/ITIN xxx-xx-5978 | ) | |
| | ) | DECISION RE:  TRUSTEE |
| and | ) | MEADORS' OBJECTION |
| | ) | TO CLAIMED EXEMPTIONS |
| STEPHANIE JO AINSWORTH | ) | |
| SSN/ITIN xxx-xx-0285 | ) | |
| | ) | |
| Debtors. | ) | |

The matter before the Court is Chapter 7 Trustee Robert L. Meadors' Objection to Claimed Exemptions and Debtors' response.  The parties submitted Joint Stipulated Facts and Issues and briefs.  The Court has jurisdiction over this proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(a).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).  For the reasons discussed below, the Court will overrule the Trustee's objection.

**FACTS**

The facts are undisputed.  On May 4, 2025, Debtors Edward Clark Ainsworth and Stephanie Jo Ainsworth ("Debtors") filed for bankruptcy.  In the two months prior to filing, $1,704.30 of Stephanie Ainsworth's wages were garnished by creditor Credit Collections Bureau ("CCB") and transmitted by her employer Intertribal Buffalo Council to CCB ("Garnished Wages").  Debtors claimed these funds as "exempt" personal property pursuant to S.D.C.L. §43-45-4 on Schedule C, which accompanied their bankruptcy petition.  Pursuant to a request from Trustee Meadors, CCB turned over the Garnished Wages to Trustee Meadors on or about June 2, 2025.

The Garnished Wages represent portions of five paychecks from pay dates February 26, 2025, March 12, 2025, March 26, 2025, April 9, 2025, and April 23, 2025, for work performed between February 9 and April 19, 2025.  Debtors also

1

sought to exempt a portion of the paycheck of May 7, 2025, which Debtors apparently anticipated would be transmitted to CCB as a garnishment. However, the stipulated issue in this case applies only to the $1,704.30 that was turned over to Trustee Meadors by CCB, which Debtors seek to exempt.

## DISCUSSION

The parties are asking the Court to consider whether wages garnished in the 90 days before the petition was filed, and exempted on Debtors' schedules, should be treated as "earned, but unpaid" under S.D.C.L. §43-45-14, as that statute was revised in 2007. Analysis of the above statute and how it fits into South Dakota's statutory framework for exemptions is required to address the stipulated issue: whether Debtors may claim the Garnished Wages exempt under S.D.C.L. §43-45-4. The Trustee argues garnished wages are earned and paid to the garnisher and, therefore, do not meet the requirements under section 43-45-14 and cannot be claimed exempt by Debtors under section 43-45-4. Debtors argue garnished wages are earned and, because they are withheld from the employee, unpaid and may be claimed exempt from the bankruptcy estate under section 43-45-4 as long as they meet the remaining requirements of section 43-45-14.

I. **Burden of Proof**

"A debtor's claimed exemptions are presumed to be valid, and an objecting party bears the burden of proving that a claimed exemption is invalid." Grueneich v. Doeling (In re Grueneich), 400 B.R. 680, 684 (B.A.P. 8th Cir. 2009). The burden of proof here is on Trustee Meadors.

II. **Property of the Estate and Exemptions in General**

Section 541(a) of the Bankruptcy Code defines property of the bankruptcy estate. 11 U.S.C. §541(a). "[A]ll legal or equitable interests of the debtor in property as of the commencement of the case" are in the estate. Stoebner v. Wick (In re Wick), 276 F.3d 412, 415 (8th Cir. 2002) (citing 11 U.S.C. §541(a)(1)). Though certain types of property are expressly excluded from the bankruptcy estate under

the statute, the definition is intentionally broad and includes property of all kinds. Mehlhaff v. Allred (In re Mehlhaff), 491 B.R. 898, 900-01 (B.A.P. 8th Cir. 2013). Section 522 allows a debtor to withdraw certain property from the bankruptcy estate as a claimed exemption at a stated value. In re Steen, 2012 WL 1252668, at *3 (Bankr. D.S.D. April 13, 2012). "South Dakota has opted out of the federal exemption scheme, and so the Debtor is limited to the exemptions provided by South Dakota law." In re Mehlhaff, 491 B.R. at 901; see S.D.C.L. §43-45-13. The key provisions of the South Dakota statutes debtors cite for exempting property are found in S.D.C.L. §§ 43-45-2 through 43-45-4. See Nessan v. Lovald, 494 F. App'x 691, 694 (8th Cir. 2012).

To determine whether a statute is an exemption statute applicable to particular property, courts look to the language of the statute and its relationship to other statutory provisions. Benn v. Cole (In re Benn), 491 F.3d 811, 814 (8th Cir. 2007). "[E]xemption statutes must be construed liberally in favor of the debtor and in light of the purposes of the exemption." Andersen v. Ries (In re Andersen), 259 B.R. 687, 690 (B.A.P. 8th Cir. 2001) (citing Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th Cir. 1991)). "However, the liberal construction of exemption statutes is 'for the purpose of achieving the legislative intent, not to extend the provisions of the legislative grant.'" In re Rousey, 275 B.R. 307, 311-12 (Bankr. W.D. Ark. 2002) (quoting Eilbert v. Pelican (In re Eilbert), 162 F.3d 523 (8th Cir. 1998)), rev'd on other grounds, Rousey v. Jacoway, 544 U.S. 320 (2005). "'Exemption' is a term of art in bankruptcy, and . . . 'while exemption may mean different things in different contexts, in the context of 11 U.S.C. §522, it refers to laws enacted by the legislative branch which explicitly identify property that judgment-debtors can keep away from creditors for reasons of public policy.'" In re Benn, 491 F.3d at 814 (quoting Benn v. Cole (In re Benn), 340 B.R. 905, 914 (B.A.P. 8th Cir. 2006)) (Kressel, J., dissenting). Considering the unique language and context of various statutes, courts in this circuit have recognized certain exemption statutes involving

wages and garnishments and denied others, looking to the specific language and context of each. See, e.g., In re Wallerstedt, 930 F.2d at 631.

### III. The 2007 Revision of S.D.C.L. §43-45-14 and Exempt Garnished Wages

In July 2007, a revision of S.D.C.L. §43-45-14 took effect. 2007 S.D. Sess. Laws Ch. 251, §1.  Prior to this revision, section 43-45-14 stated, "[t]he earnings of a debtor are exempt from process or levy only to the extent provided in §§ 21-18-51 and 21-18-52." 1990 S.D. Sess. Laws Ch. 157, §9.  As a result of the 2007 revision, this section now states:

> For purposes of garnishment, the earnings of a debtor are exempt from process or levy only to the extent provided in §§ 21-18-51 to 21-18-53, inclusive. For the purposes of a petition filed pursuant to 11 U.S.C. § 301 et. seq. only, a debtor's claimed exemptions may include earned, but unpaid earnings, whether or not such earnings have been garnished, subject to the limits of § 43-45-4 and provisions of 11 U.S.C. § 547.

S.D.C.L. §43-45-14 (2025).

No court has interpreted this revised language, so the issue before the Court is one of first impression.  The South Dakota Supreme Court has instructed courts interpreting amendments to South Dakota statutes to "give legislation its plain meaning" unless the legislation is ambiguous, absurd, or unreasonable. Jensen v. Turner Cnty. Bd. of Adjustment, 730 N.W.2d 411, 413 (S.D. 2007) (quoting Petition of Famous Brands, Inc., 347 N.W.2d 882, 885 (S.D. 1984)).  Applying a plain reading to S.D.C.L. §43-45-14, the legislature created an addition with the second sentence relating to proceedings under the United States Bankruptcy Code, i.e., proceedings initiated with "a petition filed pursuant to 11 U.S.C. § 301 et. seq." S.D.C.L. §43-45-14.  This new second sentence addresses the possibility that a debtor in bankruptcy could claim an exemption covering "earned, but unpaid earnings, whether or not such earnings have been garnished[.]" Id.  It appears the legislature added this second sentence to section 43-45-14 to allow a debtor in bankruptcy the right to claim exempt wages subject to garnishment, at least insofar as those exemptions are permitted under S.D.C.L. §43-45-4 and recoverable under

4

11 U.S.C. §547.  In other words, it appears the legislature sought to bring garnished wages within the exemption cap of S.D.C.L. §43-45-4 if a debtor meets the requirements under S.D.C.L. §43-45-14.

The Trustee argues Debtors' Garnished Wages were "paid" in the sense Debtor Stephanie Ainsworth's employer paid it to the garnisher creditor and, therefore, section 43-45-14 is not applicable.  However, if the legislature intended for garnished wages to be recognized as paid wages, then there would have been no need for it to add the phrase "whether or not such earnings have been garnished" to the revised section.  S.D.C.L. §43-45-14 does not appear unclear, uncertain, or ambiguous and it explicitly identifies property a debtor can keep away from creditors.  Debtors' Garnished Wages were earned by Debtors but not paid to them prior to filing bankruptcy because they were garnished by CCB.  Therefore, the Garnished Wages qualify under section 43-45-14 as "earned, but unpaid earnings."

Prior to the 2007 revision, the Court had considered some related issues regarding exempting garnished wages.  In a decision issued only a few months before the 2007 revision took effect, the Court ruled neither S.D.C.L. §21-18-53 nor §43-45-14 bars a debtor from exempting under S.D.C.L. §43-45-4 accrued but unpaid wages not subject to garnishment, to the extent permitted by section 43-45-4.  In re Kraft, Bankr. No. 06-10113, oral decision (Bankr. D.S.D. March 15, 2007) (Nail, J.).

The Court's decision in Kraft was consistent with earlier rulings, which concluded S.D.C.L. §15-20-12[1] is not an exemption statute pursuant to section 522 of the Bankruptcy Code and took a clear position against "stacking" a claimed exemption for unpaid wages on top of the personal property exemption a debtor may claim under S.D.C.L. §43-45-4.  See, e.g. In re Roxanne R. Swiontek, Bankr. No. 05-10146, slip op. (Bankr. D.S.D. October 31, 2005) (concluding S.D.C.L. §15-20-12 is not an exemption statute recognized in bankruptcy and did not increase the total sum of personal property a debtor could claim exempt in addition to S.D.C.L. §43-

---

[1] S.D.C.L. §15-20-12 exempts from property that can be applied to satisfy a judgment certain earnings "necessary for the use of a family supported wholly or partly by [debtor']s labor."

5

45-4); In re Gregory D. Zike, Bankr. No. 03-41477, slip op. (Bankr. D.S.D. December 30, 2003) (declining to recognize S.D.C.L. §15-20-12 as an exemption statute that would allow a debtor to exempt garnished wages under the Bankruptcy Code, reasoning the exemptions applicable to garnished wages were limited to S.D.C.L. §§ 21-18-51 through 21-18-53); In re Michael and Amy Groetken, Bankr. No. 05-40215, slip op. (Bankr. D.S.D. June 15, 2005) (holding pre-petition wages garnished and received by the creditor, which the debtor did not declare exempt, belong to the bankruptcy estate under 11 U.S.C. §541(a)(1) and (a)(3)).

In drafting the 2007 revision of S.D.C.L. §43-45-14, the legislature appears to have taken the same position the Court took in Kraft with respect to the issue of "stacking"; the legislature specified any claimed exemption of earned, but unpaid earnings were "subject to the limits of §43-45-4." S.D.C.L. §43-45-14. The legislature also left intact the Court's interpretation that S.D.C.L. §15-20-12 was not intended to define exemptions under the United States Bankruptcy Code. In other words, the 2007 revision does not create a separate garnishment exemption under S.D.C.L §43-45-14 that raises the total dollar value a debtor can exempt under section 43-45-4. Instead, the plain reading of the 2007 revision allows a debtor to claim an exemption for earned but unpaid wages, subject to garnishment, up to the dollar limits provided in section 43-45-4 and subject to the provisions of 11 U.S.C. §547. Section 43-45-14 identifies a type of property which may be exempted under section 43-45-4.

In addressing the claimed exemption of earned but unpaid wages, whether or not such earnings have been garnished, the legislature required it to be subject to property exemptions allowed under S.D.C.L. §43-45-4 and limited to preferential actions avoided under section 547 of the Bankruptcy Code. "Under the Bankruptcy Code's preference avoidance section, 11 U.S.C. § 547, the trustee is permitted to recover, with certain exceptions, transfers of property made by the debtor within 90 days before the date the bankruptcy petition was filed." Wells Fargo Home Mortg., Inc. v. Lindquist, 592 F.3d 838, 842 (8th Cir. 2010) (quoting Barnhill v. Johnson,

6

503 U.S. 393, 394 (1992)).  By referencing section 547 of the Bankruptcy Code in the 2007 revision of S.D.C.L. §43-45-14, the legislature made clear the allowed claim for the exemption of earned but unpaid wages, whether garnished or not, is limited to what is recoverable as a preference under section 547.  11 U.S.C. §522(h) allows a debtor to bring an action to avoid a prepetition transfer of the debtor's property if the trustee could avoid it under section 547(b).  Notably, "11 U.S.C. § 522(h), when read in conjunction with 11 U.S.C. § 522(g), allows a debtor to avoid prepetition preferential transfers if (1) the property transferred would have been exempt; (2) the property was not transferred voluntarily; and (3) the trustee has not sought to bring an avoidance action." Pierce v. Collection Assocs. (In re Pierce), 504 B.R. 506, 509 (B.A.P. 8th Cir. 2014) (quoting McCarthy v. Brevik Law (In re McCarthy), 501 B.R. 89 (B.A.P. 8th Cir. 2013)); see also 11 U.S.C. §522(g)-(h). Section 522(i)(2) further states a transfer avoided under either section 522(h) or section 547 may be preserved for the debtor's benefit if the debtor can exempt such property under section 522(i)(1) by debtor avoiding the transfer under subsection (h) and exempting such avoided property under 11 U.S.C. §522(b).  Ward v. Building Material Distributors (In re Ward), 36 B.R. 794, 796 (Bankr. D.S.D. 1984).  The 2007 revision is consistent with section 522 of the Bankruptcy Code, which allows a debtor to protect an interest in property that was the subject of a preferential transfer under section 547 to the extent the property can be exempted from the bankruptcy estate.  The Garnished Wages were a preference under 11 U.S.C. §547 because they were transferred to the creditor within 90 days before the petition was filed. 11 U.S.C. §547(b)(4).  The Garnished Wages were not voluntarily transferred by Debtors since they were garnished, and Debtors may avoid the transfers and look to exempt them under section 522(b).

Since 11 U.S.C. §522(b) allows Debtors to use state law exemptions, Debtors may exempt the earned but unpaid garnished wages recovered under section 547 up to the allowed amounts under S.D.C.L. §43-45-4.  Section 43-45-4 grants Debtors the right to exempt up to $12,000.00 in personal property.  Debtors may select from

their personal property what they wish to exempt. Debtors listed the Garnished Wages on their bankruptcy schedules and properly claimed them exempt under section 43-45-4 on their Schedule C.

Prior to the 2007 revision, section 43-45-14 identified wages that were earned but unpaid and not subject to garnishment as property of the estate that could be exempt under S.D.C.L. §43-45-4. In re Kraft, Bankr. No. 06-10113, oral decision (Bankr. D.S.D. March 15, 2007) (Nail, J.). After the 2007 revision, section 43-45-14 was expanded to include earned but unpaid garnished wages Debtors can exempt if they fit within the exemption limits under section 43-45-4 and were recoverable as property of the estate by avoiding a preference under 11 U.S.C. §547.

## CONCLUSION

For the reasons stated herein, the Trustee failed to meet his burden of proof, Debtors are entitled to exempt the Garnished Wages from the bankruptcy estate under S.D.C.L. §43-45-4, and the Court will overrule Trustee Meadors' Objection to Claimed Exemptions. The Court will enter a separate order following the entry of this decision.

So ordered: January 14, 2026.

BY THE COURT:

*[signature]*

Laura L. Kulm Ask
Bankruptcy Judge